United States District Court
Southern District of Texas
**ENTERED**
April 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REYNALDO MARTINEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-37 |
| | § | CRIM. ACTION NO. 1:14-918-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 31, 2022, Petitioner Reynaldo Martinez filed a motion to vacate, set aside or correct his sentence pursuant to 42 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

After conducting that review, the Court recommends that the petition be denied. Martinez's petition is substantively meritless.

### I. Background

**A. Factual Background**

**1. Indictment & Guilty Plea**

On November 13, 2014, the grand jury indicted Martinez on one count of conspiracy to possess with intent to distribute more than 100 kilograms of marihuana and one count of possession with intent to distribute more than 100 kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. U.S. v. Martinez, Criminal No. 1:14-918-1, Dkt. No. 8 (J. Hanen presiding) [hereinafter CR].

On December 16, 2014, Martinez pled guilty to possession with the intent to distribute more than 100 kilograms of marihuana. CR Dkt. No. 23. He did not enter into a written plea agreement. Id.

1

## 2. Presentence Report

In the final presentence report ("PSR"), Martinez was initially assessed a base offense level of 24, based on a finding that 322 kilograms of marihuana was seized in the instant offense. CR Dkt. No. 50, p. 5. However, Martinez had prior state convictions for robbery and for burglary of a habitation. Id., pp. 5-6. Under U.S.S.G. § 4B1.1(b)(2), Martinez was considered a career offender, giving him a new base offense level of 34. Id. A career offender is a defendant who (1) is at least eighteen years old; (2) whose instant conviction is a crime of violence or a controlled substance offense; and (3) has at least two prior felony convictions for a crime of violence or a controlled substance offense. § 4B1.1(a). A crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." § 4B1.2(a).

Martinez was given a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31. Id.

Regarding his criminal history, Martinez had 16 adult criminal convictions and was assessed 25 criminal history points, resulting in a criminal history category of VI. CR Dkt. No. 50, pp. 6-13.

A total offense level of 31 and a criminal history category of VI resulted in a guideline sentencing range of 188 to 235 months.

As relevant here, Martinez timely objected to the PSR. CR Dkt. No. 41. Martinez objected to the career offender designation, arguing that his conviction for robbery did not qualify for career offender status. Id. He argued that because the elements of robbery under Texas law do not require the Government to prove the use of force, that conviction does not qualify under § 4A1.1(b)(2). Id.

### 3. Sentencing

On October 7, 2015, the Court held the sentencing hearing. CR Dkt. No. 65. The Court overruled the objection as to whether Martinez qualified for the career offender designation, finding that his prior convictions for burglary of a habitation and robbery met the requirements. Id., pp. 3-15.

The Court sentenced Martinez to 150 months imprisonment, and five years of supervised release. CR Dkt. No. 65, pp. 21-22. The Court gave Martinez a downward departure based on "trying to provide just punishment for the sentence and provide the Defendant with needed medical care for his mental health problems." Id., p. 21.

On October 23, 2015, the Court issued the judgment of conviction. CR Dkt. No. 55.

### 4. Direct Appeal

Martinez timely filed a notice of appeal. CR Dkt. No. 53.

On appeal, Martinez argued that his state convictions for robbery and aggravated robbery were not crimes of violence under § 4A1.1(b)(2). CR Dkt. No. 73. He argued that the residual clause — "has as an element the use, attempted use, or threatened use of physical force against the person of another" — was unconstitutionally vague. Id.

During the pendency of his direct appeal, the Supreme Court held that the sentencing guidelines are not subject to a challenge of unconstitutional vagueness. Beckles v. U.S., — U.S. —, —, 137 S. Ct. 886, 897 (2017). After Beckles was issued, Martinez conceded that his argument was foreclosed on appeal. CR Dkt. No. 73, p. 2. On March 20, 2017, the Fifth Circuit affirmed his conviction and sentence. Id.

Neither the Fifth Circuit nor the Supreme Court docket show that Martinez filed a petition for a writ of certiorari with the Supreme Court. The petition for a writ of certiorari was required to be filed within 90 days of the entry of the appellate judgment. SUP. CT. RULE 13.1. Accordingly, the time for Martinez to file such a petition expired on June 19, 2017. Martinez's conviction became final on that day. Clay v. U.S., 537 U.S. 522 (2003).

### B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On January 27, 2022, Martinez filed a petition with the Fifth Circuit, seeking permission to file a second or successive § 2255 petition to vacate, set aside, or correct his

sentence. Dkt. No. 1. Martinez argued that the Supreme Court's decision in Borden v. U.S., — U.S. —, 141 S. Ct. 1817 (2021), meant that his Texas robbery conviction was no longer a crime of violence. Id.

On March 30, 2022, the Fifth Circuit held that because Martinez had never filed a previous § 2255 petition, he did not need authorization to file his petition. Dkt. No. 1-2. The Fifth Circuit transferred the petition to this Court and noted that the "filing date shall be treated as no later than the date on which Martinez filed the motion for authorization in this court." Id.

Because this petition can be resolved solely on the record, the Court has not ordered the Government to respond.

## II. Applicable Law

### A. Section 2255

Martinez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Martinez's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Martinez's claim.

Martinez asserts that the Supreme Court's decision in Borden is the basis for his claim. Because he filed his petition within one year of the Supreme Court's decision, the Court will assume, without deciding, that his petition is timely filed. § 2255(f)(3) (petition shall be filed within 1 year of Supreme Court decision recognizing a constitutional right made retroactive to cases on collateral review).

**A. Crime of Violence**

Martinez argues that his prior convictions for robbery and aggravated robbery no longer qualify as predicate convictions for the career offender enhancement. This claim is meritless.

As an initial matter, Martinez is arguing that the career offender enhancement was wrongfully applied in his case. The Court begins by noting that a claim which involves a technical application of the guidelines is not cognizable in a § 2255 petition. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). The question of whether a career offender enhancement was properly applied is a technical application of the guidelines. U.S. v. Williamson, 183 F.3d 458, 461 (5th Cir. 1999) (issue of whether career offender sentencing

5

enhancement properly applied was a technical application of the Guidelines); U.S. v. Rodriguez-Castro, 814 Fed. App'x 835, 838 (5th Cir. 2020) (same).

A claim that his robbery conviction should not be considered a crime of violence would similarly be a technical application of the guidelines. See Thompson v. U.S., 2017 WL 3405528, at *2 (N.D. Tex. Aug. 7, 2017) (sentencing enhancement for prior conviction for crime of violence is not cognizable in § 2255 petition). Thus, this claim is not cognizable on collateral attack. Furthermore, even if it was cognizable, Martinez would not be entitled to relief.

In Borden, the Supreme Court held that a crime which has a mens rea of recklessness – as opposed to knowingly or intentionally – cannot be considered a crime of violence under 18 U.S.C. § 924(e). Borden, 141 S. Ct. at 1826. The Fifth Circuit has held that the reasoning of Borden also applies to U.S.S.G. § 4B1.2. U.S. v. Greer, 20 F.4th 1071, 1072 (5th Cir. 2021). Martinez argues that because robbery and aggravated robbery can be committed recklessly under Texas law, then his convictions no longer qualify as crimes of violence under § 4B1.2.

It seems, however, that Martinez has misread the Sentencing Guidelines. A crime of violence under the Sentencing Guidelines includes: "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)" or a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(emphasis added). Borden and its progeny are instructive on the latter – crimes with an element of the use of force. However, robbery is specifically listed as a crime of violence. The Fifth Circuit has concluded that the reasoning of Borden does not apply to the crimes specifically listed in § 4B1.2. U.S. v. Williams, No. 21-10471, 2022 WL 71826, at *1 (5th Cir. Jan. 7, 2022) ("Borden, however, did not address recklessness in the context of the enumerated-offenses clause, which is at issue here, and is therefore not controlling.").

The Fifth Circuit has held that the Texas robbery statute is a crime of violence under § 4B1.2(a). U.S. v. Adair, 16 F.4th 469, 470 (5th Cir. 2021), cert. denied, No. 21-6951,

6

2022 WL 585946 (U.S. Feb. 28, 2022). Thus, Martinez's prior convictions for robbery and aggravated robbery are crimes of violence under § 4B1.2. Accordingly, this claim should be denied.

## IV. Recommendation

It is recommended that the Petitioner Reynaldo Martinez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Martinez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Martinez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United

States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on April 12, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge