UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| REYNALDO MARTINEZ § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 1:22-CV-037 |
| § | CRIMINAL ACTION NO. 1:14-CR-918-1 |
| UNITED STATES OF AMERICA § | |

## ORDER

On January 27, 2022, Reynaldo Martinez filed a Motion Pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. 1, 5)[1] Martinez contends that the career offender enhancement pursuant to United States Sentencing Guideline § 4B1.1(a) was wrongfully applied to his sentencing calculation because his prior state convictions for robbery and aggravated robbery no longer qualify as predicate convictions for this enhancement. (*Id.* at 7)

The Magistrate Judge recommends that Martinez's Motion be denied as meritless. (R&R, Doc. 35)  Martinez timely objected to the Report and Recommendation. (Objs., Doc. 11)  As a result, the Court reviews the challenged portions of the Report and Recommendation *de novo* and all other portions for plain error.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### I.

In general, Martinez largely re-urges the arguments he presented to the Magistrate Judge, and which the Report and Recommendation ably and correctly addresses.  The crux of Martinez's objections is that he should not have received a career offender enhancement under § 4B1.1(a) because his state conviction for robbery does not qualify as a crime of violence as defined by § 4B1.2(a)(2).  (Objs., Doc. 11, 5)  But the Fifth Circuit has explicitly addressed this argument, holding that a "Texas robbery conviction qualifies as a crime of violence under § 4B1.2(a)(2)." *United States v. Adair*, 16 F.4th 469, 470 (5th Cir. 2021).  Accordingly, the sentencing court

---

[1] Martinez also moved for permission to file a successive § 2255 petition. (Motion, Doc. 1)  The Fifth Circuit found no evidence that he had filed a previous § 2255 petition and denied the Motion as unnecessary. (Order, Doc. 1-3)

properly designated Martinez as a career offender under § 4B1.1(a). The Report and Recommendation correctly concludes that Martinez's petition is meritless.

## II.

The Court **OVERRULES** Martinez's objections (Doc. 11) and **ADOPTS** the Report and Recommendation (Doc. 5). It is:

**ORDERED** that Reynaldo Martinez's Motion Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Sanchez fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** a Certificate of Appealability.

Signed on May 13, 2022.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge